Argued and submitted October 26, reversed and remanded with instructions to order respondent to process petitioner's concealed handgun license application December 15, 2010

Robert Dean HELD,
*Petitioner-Appellant,*

*v.*

John HANLIN,
in his official capacity as
Sheriff of Douglas County,
*Respondent-Respondent.*

Douglas County Circuit Court
09CV2854CC; A143383

244 P3d 895

Brian L. Michaels argued the cause and filed the briefs for appellant.

Kathleen Johnson filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Petitioner appeals a judgment upholding the denial by respondent, the Sheriff of Douglas County, of petitioner's application for renewal of his concealed handgun license (CHL). The application included questions about use of controlled substances. After petitioner filed the application, respondent learned that petitioner was listed in the Oregon Health Authority's medical marijuana database. Respondent asked petitioner to answer several follow-up questions about marijuana use. Petitioner refused to answer the questions, so respondent declined to process the application. Petitioner sought judicial review, arguing, among other things, that respondent was not authorized to include any of the questions about controlled substance use on the CHL application and that respondent unlawfully accessed the medical marijuana database. The trial court ruled in respondent's favor, concluding that, because petitioner refused to answer respondent's follow-up questions, his application was incomplete. We need not determine whether it was permissible to include the questions on the application, because we agree with petitioner that respondent was not authorized to access the medical marijuana database and, for that reason, respondent had no lawful basis for asking the follow-up questions. Thus, we conclude that petitioner's application was complete and that respondent was required to process it. Accordingly, we reverse and remand.

Before we recite the facts, an overview of the pertinent statutes is helpful. The requirements for issuance of a CHL are set out primarily in ORS 166.291(1), which provides, "The sheriff of a county, upon a person's application for an Oregon concealed handgun license, upon receipt of the appropriate fees and after compliance with the procedures set out in this section, shall issue the person a concealed handgun license if the person" meets specified age and residency requirements, can demonstrate competence with a handgun, and meets other requirements concerning, among other things, prior criminal convictions. ORS 166.291(3)(a) specifies other information that a CHL application must state, including identifying information and the applicant's address or addresses for the previous three years. ORS

166.291(3)(b) provides, in part, that the sheriff shall fingerprint and photograph the applicant and "shall conduct any investigation necessary to corroborate the requirements listed under subsection (1) of this section." ORS 166.291(4) sets out a model application.

ORS 166.293(2) provides certain discretionary grounds on which a sheriff may deny a CHL application:

"Notwithstanding ORS 166.291(1), and subject to review as provided in subsection (5) of this section, a sheriff may deny a concealed handgun license if the sheriff has reasonable grounds to believe that the applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence."

Also pertinent to this appeal is ORS 475.331, which provides for the creation of a medical marijuana database and places limits on access to, and the use of, the information therein:

"(1)(a) The Oregon Health Authority shall create and maintain a list of the persons to whom the authority has issued registry identification cards, the names of any designated primary caregivers and the addresses of authorized marijuana grow sites. Except as provided in subsection (2) of this section, the list shall be confidential and not subject to public disclosure.

"(b) The authority shall develop a system by which authorized employees of state and local law enforcement agencies may verify at all times that a person is a lawful possessor of a registry identification card or the designated primary caregiver of a lawful possessor of a registry identification card or that a location is an authorized marijuana grow site.

"(2) Names and other identifying information from the list established pursuant to subsection (1) of this section may be released to:

"(a) Authorized employees of the authority as necessary to perform official duties of the authority; and

"(b)   Authorized employees of state or local law enforcement agencies, only as necessary to verify that a person is a lawful possessor of a registry identification card or the designated primary caregiver of a lawful possessor of a registry identification card or that a location is an authorized marijuana grow site. * * *

"(3)   Authorized employees of state or local law enforcement agencies that obtain identifying information from the list as authorized under this section may not release or use the information for any purpose other than verification that a person is a lawful possessor of a registry identification card or the designated primary caregiver of a lawful possessor of a registry identification card or that a location is an authorized marijuana grow site."

With those statutes in mind, we turn to the facts, which, for our purposes, are undisputed. Petitioner filed an application with respondent for renewal of his CHL. The application form requires the applicant to answer a number of questions. Question 5 asks, "Do you currently use controlled substances such as marijuana, cocaine, methamphetamine, LSD, or ecstasy?" If the applicant answers "yes," he or she is required to answer questions 5a through 5e, which inquire further into the applicant's controlled substance use.[1] If the applicant answers question 5 "no," he or she may "skip to question 6." Petitioner answered question 5 "no" and did not answer questions 5a through 5e.

After receiving the application, respondent accessed the Oregon Health Authority's medical marijuana database. The database permits law enforcement officials to inquire whether a person is listed, but the inquiry response does not specify whether the person is a medical marijuana cardholder or a designated primary caregiver. Respondent learned that petitioner was listed in the database.

Sergeant Marshall, the supervisor of the sheriff's office's Concealed Handgun Unit, wrote to petitioner, stating that "a background check indicated that you have a Medical

---

[1] The subsidiary questions ask what controlled substances the applicant uses, how frequently the usage is, how long the applicant has used controlled substances, whether the use is authorized by a medical doctor, and whether the applicant has a prescription authorizing the use.

Marijuana Card. It is presumed that you do use marijuana on some level." The letter then asked petitioner to state in writing whether he is an "infrequent user, occasional user, frequent user, regular user or daily user" and for how long he had been using marijuana.

Petitioner's attorney wrote to Marshall, stating that it was his understanding that his letter did not constitute a denial of the CHL application and asking for an explanation of (1) why respondent was withholding the application, (2) the basis for the questions in the January 29 letter, and (3) the authority under which respondent checked petitioner's medical marijuana status. Marshall replied that the January 29 letter was indeed "not a denial but rather a request for clarification." He stated that,

> "during the investigation, the query of the Medical Marijuana database indicated that [petitioner] has been issued a Medical Marijuana Card. Granted, the issuance of such a card in itself does not mean that a person uses marijuana[,] but it does create probable cause to do a further investigative inquiry since the applicant indicated that he does not use any drugs, including marijuana."

Petitioner refused to answer any questions about marijuana use, so respondent did not process the CHL application. Petitioner sought judicial review. At the hearing, the parties' respective counsel stipulated that respondent had denied petitioner's application, though respondent testified that he had simply stopped processing it. At the conclusion of the hearing, the trial court ruled that respondent was permitted both to include the questions about use of controlled substances on the application and to inquire as to whether petitioner held a medical marijuana card. It concluded that, because petitioner refused to respond to the follow-up questions about marijuana use, his CHL application was incomplete and that respondent properly denied the application on that ground.

On appeal, petitioner makes four assignments of error. In the first, he contends that ORS 166.291 provides that a CHL application may ask only questions specified in the statute and others necessary to facilitate the investigation required before a CHL may be issued. Petitioner argues

that questions about an applicant's use of medical marijuana are not authorized by ORS 166.291. In his second assignment of error, petitioner argues that respondent was prohibited from accessing the medical marijuana database to determine whether petitioner was a medical marijuana cardholder. In his third assignment, petitioner contends that allowing respondent to inquire into an applicant's medical marijuana status places "unbridled discretion in the hands of a government official" because there are no standards guiding use of the information in conducting an investigation or in determining whether to grant or deny a CHL application. Finally, in his fourth assignment of error, petitioner argues that ORS 166.291 directs that respondent "shall issue" a CHL if the requirements of that statute are satisfied, and he asserts that his application did.

We do not address petitioner's first or third assignments of error; the need to resolve the issues raised therein is obviated by our conclusions with respect to the second and fourth assignments or error. As noted, in his second assignment of error, petitioner contends that respondent was prohibited from accessing the medical marijuana database. Respondent argues that he was authorized to access the database as part of his investigation, pursuant to ORS 166.293(2), concerning whether petitioner's behavior could be affected by use of controlled substances. He also contends that ORS 475.331 does not prohibit use of the database for investigating a CHL application; in his view, that statute only prohibits law enforcement from using information in the database "as a basis for heightened law enforcement scrutiny."

We agree with petitioner. ORS 475.331(2)(b) authorizes the release of information from the database to law enforcement officials "only as necessary to verify that a person is a lawful possessor of a registry identification card" or the designated primary caregiver of a cardholder or that a location is an authorized marijuana growing site; ORS 475.331(3) expressly prohibits law enforcement officials from using database information for any other purpose. The statute does not authorize the use of database information for purposes of helping to determine whether an individual uses, or may use, marijuana.

In this case, respondent did not access the database merely to determine whether petitioner was a lawful medical marijuana cardholder or a designated primary caregiver. Respondent testified that his office checks the database for every CHL applicant "[t]o determine whether or not they use [a] controlled substance, specifically marijuana." Respondent's use of the database for that purpose was not authorized by ORS 475.331.

Respondent's argument that he was authorized to access the database as part of his investigation is not well taken. Although such authority could be inferred from ORS 166.293(2), ORS 475.331 expressly limits use of the database, and, as the more specific and later enacted statute, it controls. *See Bobo v. Kulongoski*, 338 Or 111, 116, 107 P3d 18 (2005) (when two statutes conflict, the later, more specific statute controls).

In his fourth assignment of error, petitioner argues that ORS 166.291 directs that respondent "shall issue" a CHL, because his application satisfied the requirements of that statute. Respondent contends that he "did not deny Petitioner's application based upon information obtained as a result of Respondent's inquiry into Petitioner's medical marijuana status. Respondent declined to continue processing the application because Petitioner refused to respond to a request for information made by Respondent."

Although respondent's latter statement is technically correct, respondent fails to acknowledge the causal connection between the information wrongfully obtained from the medical marijuana database and his decision not to process petitioner's application. The "request for information" to which petitioner refused to respond was based on the information obtained from the database. Because petitioner had answered "no" to the question about use of controlled substances, without the information obtained unlawfully from the medical marijuana database, there would have been no basis upon which to ask the additional questions.

Nevertheless, to the extent that petitioner seeks an order requiring respondent to issue a CHL, petitioner's request is premature. ORS 166.291(1) requires a sheriff to issue a CHL "after compliance with the procedures set out in

this section * * *." Those procedures include, among other things, conducting the investigation required by ORS 166.291(3)(b). Respondent has not performed those procedures, so there is no statutory basis upon which to issue a CHL. Rather, the appropriate remedy is to remand for the circuit court to order respondent to continue processing the application.

To summarize, even assuming that respondent had authority to include on the CHL application the questions about use of controlled substances, he was not authorized to access the medical marijuana database for purposes of determining whether petitioner uses marijuana. Accordingly, there was no lawful basis for requiring petitioner to answer the additional questions. It follows that petitioner's application was complete and that respondent was required to process it. The trial court erred in concluding otherwise.

Reversed and remanded with instructions to order respondent to process petitioner's concealed handgun license application.